PER CURIAM.
This case is one the State probably should have left unreviewed because it gives credence to the frequently heard criticism that the charges of battery on a police officer and resisting arrest are often pretexts where there is no probable cause, or are cover-ups for illegal police conduct.
Evidence produced at a hearing on a motion to suppress showed that on July 12, 1990, at about 8:00 a.m., the defendant entered an Amtrak Station with two other persons and bought a train ticket with cash. Officer Ascue observed the ticket purchase and noticed that the defendant was watching him. Officer Ascue then signaled Detective Bryant to interview the defendant. Detective Bryant approached Hall, asked for consent to search his luggage, and asked to see the defendant’s train ticket and identification. The defendant consented to the search, produced his ticket, and told the officer that, although he did not have identification, his name was James Thomas. After discovering nothing in the luggage, the officer asked if he could search some clothing the defendant held in his hand. After the officer released the luggage, and without responding to the request for another search, the defendant began to walk away from the officer.
According to Detective Bryant, the defendant stated that he needed to make a telephone call and began walking toward the front door. The detective followed closely and grabbed the defendant by the elbow when he reached the front door. His purpose, allegedly, was to direct the defendant to the location of the telephones. The defendant then shook loose from the police officer’s hold. Detective Bryant grabbed the defendant around the waist where he felt something chunky inside his waistband. He reached into the defendant’s pants to retrieve the object which was a packet of crack cocaine.
The defendant testified on his own behalf that after his luggage was returned, the police wanted to search him again. When the defendant asked if he was under arrest, the police officer told him he was not. The defendant then indicated that he wanted to call his attorney. The officer followed him, trying to get him to go into a restroom ostensibly for the purpose of a nonconsen-sual search, but the defendant continued to walk away from the officer toward the front door. The defendant further testified that at the terminal door the officer grabbed him around the neck, threw him to the ground, and searched down his pants *663 where he recovered the bag of crack cocaine.
At the conclusion of the hearing, the trial court granted the defendant’s motion to suppress and made oral findings of fact, expressly rejecting the State’s contention that the defendant’s actions in shaking loose from the officer’s grasp constituted a battery.
A month later, the trial court entered a written order as follows:
1. There was, initially, a consensual encounter at the train station between the plain clothed police officers and the Defendant.
2. The Defendant was perfectly within his rights to break off said encounter with the police officers at anytime, and walk away from said police officers.
3. When the Defendant was walking away from the police officer, purportedly to use the telephone, the police officer had no right to touch, let alone grab, the Defendant by the arm and prohibit, restrict, deny and curtail the Defendant’s freedom of movement, since the Defendant was not under an arrest, nor detained for any legitimate reason, at the time.
4. There was virtually little or no resistance offered by the Defendant to the police officer’s aggressive, overbearing behavior to warrant a charge of battery, or resisting arrest to be lodged against the Defendant.
5. Whatever insignificant and inconsequential response, if any at all made by the Defendant to the police officer’s aggression, was invited and caused by the police officer.
The State contends that, because the defendant committed a battery on a police officer, there was probable cause to search inside the defendant’s pants as a justifiable search incident to an arrest. We reject this argument because it would require us to ignore the trial court’s findings of fact and substitute our own judgment. See State v. Rizo, 463 So.2d 1165, 1167 (Fla. 3d DCA 1984) (a reviewing court must interpret the evidence and the reasonable inferences derived from it in a light most favorable to the trial court).
At the motion to suppress hearing, the police officers never claimed that they searched the defendant because he was under arrest for battery on a police officer. That theory was first advanced as an argument in opposition to the motion to suppress. Based on the testimony, observations of the witnesses, and his many years of experience in deciding such cases, the trial judge rejected the State’s arguments. Since no battery was committed on the police officer, and since there was no other legal authority to interfere with the defendant’s freedom when he walked away from the police, the motion to suppress was properly granted. See Cobb v. State, 511 So.2d 698 (Fla. 3d DCA 1987) (walking away from police in a high-crime area does not constitute reasonable suspicion to justify search).
Affirmed.